1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

| | |
|---|---|
| DLGP SCRIPPS POWAY APTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MALACHI LIGHTFOOT, et al.,<br><br>Defendants. | Case No. 23-cv-843-MMA (JLB)<br><br>**ORDER: (1) SUA SPONTE REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

19

20

21

22

23

24

        On May 8, 2023, Defendant Malachi Lightfoot, Nadia Stanley, and Monique Hill
("Defendants"), proceeding *pro se*, filed a Notice of Removal in this unlawful detainer
action from the State of California, Superior Court for the County of San Diego, and
simultaneously filed a motion to proceed *in forma pauperis* ("IFP").  Doc. Nos. 1, 2.  For
the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the San Diego
County Superior Court for lack of subject matter jurisdiction.

25

<u>**LEGAL STANDARD**</u>

26

27

28

        Federal courts are of limited jurisdiction.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*,
479 F.3d 994, 997 (9th Cir. 2007).  Federal courts possess only that power authorized by
the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

1    541 (1986).  The Court is constitutionally required to raise issues related to federal

2    subject matter jurisdiction, and may do so *sua sponte*.  *Steel Co. v. Citizens for a Better*

3    *Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d

4    1090, 1092 (9th Cir. 1990).  Removal jurisdiction is governed by 28 U.S.C. § 1441, *et*

5    *seq.*  A state court action can only be removed if it could have originally been brought in

6    federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v.*

7    *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, for an action to be removed on the

8    basis of federal question jurisdiction, the complaint must establish either that federal law

9    creates the cause of action or that the plaintiff's right to relief necessarily depends on the

10    resolution of substantial questions of federal law.  *Franchise Tax Bd. of Cal. v. Constr.*

11    *Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983).  Additionally,

12    federal courts have jurisdiction over an action involving citizens of different states when

13    the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

14         "The burden of establishing federal jurisdiction is on the party seeking removal,

15    and the removal statute is strictly construed against removal jurisdiction."  *Nishimoto v.*

16    *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal

17    jurisdiction must be rejected if there is any doubt as to the right of removal in the first

18    instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Whether federal

19    jurisdiction exists is governed by the well-pleaded complaint rule.  *Caterpillar*, 482 U.S.

20    at 392.  The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the

21    number of cases in which state law 'creates the cause of action' that may be initiated in or

22    removed to federal district court . . . ."  *Franchise Tax Bd.*, 463 U.S. at 9–10.  Under this

23    rule, the federal question must be "presented on the face of the plaintiff's properly

24    pleaded complaint."  *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183

25    (9th Cir. 2002).

26                          **DISCUSSION**

27         Here, Defendants indicate in their removal papers that jurisdiction in this Court is

28    based on federal question jurisdiction.  *See* Doc. No. 1 at 3.  Liberally construing the

1  Notice of Removal, Plaintiff's state court complaint does not present a federal question of
2  law that would provide this Court with jurisdiction over this matter under 28 U.S.C.
3  § 1331.

4       First, there is no federal question apparent in the state action described in the
5  Notice of Removal, which appears to allege only a simple unlawful detainer cause of
6  action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL
7  4916578, *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise
8  under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No.
9  EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010)
10 (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's
11 complaint contained only an unlawful detainer claim).

12      Second, there is no merit to Defendants' contention that federal question
13 jurisdiction exists because Defendants' anticipated defenses and counterclaims may raise
14 issues of federal law.  Neither defenses nor counterclaims are considered in evaluating
15 whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v.*
16 *Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an
17 actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th
18 Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a
19 federal court, even if the defense is that of federal preemption and is anticipated in the
20 plaintiff's complaint."); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case
21 may *not* be removed to federal court on the basis of a federal defense.") (emphasis in
22 original).  Accordingly, to the extent Defendants' anticipated defenses and counterclaims
23 may be based on alleged violations of federal law, those defenses and counterclaims
24 cannot provide a basis for federal question jurisdiction.

25      Further, although not raised by Defendants, there is no diversity jurisdiction in this
26 matter.  The Notice of Removal does not demonstrate that the amount in controversy
27 exceeds $75,000, and the face of the state court complaint cover sheet clearly
28 demonstrates that Plaintiff seeks damages in an amount less than $25,000.  *See* Doc.

No. 1-2 at 6.  Moreover, Defendants, citizens of California, *see* Doc. No. 1-2 at 17, may not properly remove this action based on diversity jurisdiction.  Under 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## CONCLUSION

Based on the foregoing, Defendants have not adequately established a basis for this Court's subject matter jurisdiction.  Accordingly, the Court *sua sponte* **REMANDS** this action back to state court.[1]  *See* 28 U.S.C. § 1447(c).  The Clerk of Court is instructed to return the case to state court forthwith and close this action.

**IT IS SO ORDERED**.

Dated:  May 10, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Because the Court lacks subject matter jurisdiction, the Court **DENIES AS MOOT** Defendants' motion to proceed IFP.  *See* Doc. No. 2.